**CHEE MARKHAM & FELDMAN**
Attorneys At Law

**GREGORY K. MARKHAM   3453-0**
**BRANDON Y. MORIKI             10507-0**
2700 American Savings Bank Tower
1001 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 523-0111
Facsimile:  (808) 523-0115
Email:       gmarkham@cheemarkham.com
                  bmoriki@cheemarkham.com


**HAYES SCOTT BONINO ELLINGSON & McLAY, LLP**
Attorneys At Law

**ROBERT S. McLAY** (*Pro hac vice application in process*)
**JOSHUA N. KASTAN** (*Pro hac vice application in process*)
203 Redwood Shores Parkway, Suite 480
Redwood City, California 94065
Telephone: (650) 637-9100
Facsimile: (650) 637-8071
Email:       rmclay@hayesscott.com
                  jkastan@hayesscott.com


Attorneys for Plaintiff
**USAA LIFE INSURANCE COMPANY**


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| USAA LIFE INSURANCE COMPANY, a Texas Corporation,<br><br>          Plaintiff,<br><br>   vs. | Civil No.:<br>[(Contract)<br><br>**COMPLAINT IN INTERPLEADER** |

ESTATE OF GAYLE B. GARDNER;
DOROTHY GARDNER; HILLSDALE
COLLEGE, a 501(c)(3) non-profit
educational institution; WEN LEI
SASAKI; GREGORY B. GARDNER;
and THE GAYLE B. GARDNER
TRUST DATED DECEMBER 29,
2015,

               Defendants.

## COMPLAINT IN INTERPLEADER

COME NOW, Plaintiff USAA LIFE INSURANCE COMPANY (hereinafter referred to as "Plaintiff"), by and through their attorneys, The Law Firm of CHEE MARKHAM & FELDMAN, and for a cause of action against Defendants ESTATE OF GAYLE B. GARDNER, DOROTHY GARDNER, HILLSDALE COLLEGE, a 501(c)(3) non-profit educational institution, WEN LEI SASAKI, GREGORY B. GARDNER and THE GAYLE B. GARDNER TRUST DATED DECEMBER 29, 2015 (hereinafter collectively referred to as "Defendants") set forth, alleges and avers as follows:

### I.     FACTS

1.     This is an interpleader action in which Plaintiff, as Stakeholder of the annuity hereinafter mentioned, seeks guidance from this Court to determine the proper beneficiaries of an annuity contract pursuant to 28 U.S.C. Section 1335.

2.      Gayle Gardner ("Decedent") obtained a flexible premium deferred annuity ("Annuity") from Plaintiff in 1980.

3.      Decedent died on July 3, 2016.

4.      At the time of Decedent's death, the value of the Annuity was $1,415,510.31.

5.      During the period between the issuance of the Annuity in 1980 and the time of Decedent's death in 2016, Decedent changed the beneficiaries of the Annuity on several occasions.

6.      At the time of Decedent's death, an endorsement to the Annuity dated June 16, 2016 listed the following beneficiaries:

     a.  Defendant Hillsdale College ("Hillsdale");

     b.  Defendant Wen Lei Sasaki ("Sasaki");

     c.  Defendant Gregory B. Gardner ("Gregory Gardner"); and

     d.  Defendant The Gayle B. Gardner Trust dated December 29, 2015 (the "Trust").

7.      Decedent's surviving spouse, Defendant Dorothy Gardner ("Mrs. Gardner"), was not named as a beneficiary of the Annuity at the time of Decedent's death.

8.      Mrs. Gardner has contested the beneficiary designations of the Annuity.

3

9.     Sasaki has also asserted a claim as a beneficiary to a portion of the Annuity.

10.     Plaintiff has maintained, and continues to maintain the Annuity.

11.     As such, Plaintiff, acting in good faith and having no interest in the disposition of the Annuity other than recovering the costs and reasonable attorney fees associated with the instant action, now requests that this Court determine the proper beneficiaries of the Annuity and any related obligations of the parties.

## II.     THE PARTIES

12.     Plaintiff is, and at all times mentioned in this Complaint, a Texas corporation duly authorized to do business in Hawaii.

13.     Decedent obtained the Annuity from Plaintiff in September 1980. Plaintiff is informed and believes that Decedent died on July 6, 2016.  At the time of his death, Decedent was a resident of the City and County of Honolulu, State of Hawaii.

14.     Plaintiff is informed and believes that the Decedent's estate, Defendant Estate of Gayle B. Gardner (the "Estate"), is or soon will be opened in a probate court with jurisdiction over the City and County of Honolulu, State of Hawaii and that the situs of the Estate will be in the City and County of Honolulu, State of Hawaii.

15.     Plaintiff is informed and believes that Mrs. Gardner is a natural person who at all relevant times was a citizen of Hawaii and a resident of the City and County of Honolulu, State of Hawaii.  Mrs. Gardner is Decedent's surviving spouse.

16.     Plaintiff is informed and believes that Hillsdale is a 501(c)(3) non-profit educational institution located in Hillsdale, Michigan and at all relevant times was a citizen of Michigan with its principal place of business in Michigan. Hillsdale is an educational institution to which Plaintiff is informed and believes that Decedent intended to leave a portion of the Annuity as an endowment.

17.     Plaintiff is informed and believes that Sasaki is a natural person who at all relevant times was a citizen of Hawaii and a resident of the City and County of Honolulu, State of Hawaii.  Sasaki's affiliation with Decedent is unknown.

18.     Plaintiff is informed and believes that Gregory Gardner is a natural person who at all relevant times was a citizen of Kansas and a resident of Douglas County, Kansas, and the son of Decedent and Mrs. Gardner.

19.     Plaintiff is informed and believes that the Trust is an irrevocable trust with a situs in the City and County of Honolulu, State of Hawaii.  The current trustee(s) of the Trust are unknown.

### III.   <u>JURISDICTION AND VENUE</u>

20.     Statutory interpleader is appropriate pursuant to 28 U.S.C. section 1335 because there is diversity of citizenship under 28 U.S.C. section 1332(a)(1) between at least two of the claimants (i.e., the Defendants named herein) and the amount in controversy exceeds $500.

21.     The value of the Annuity at the time of Decedent's death was $1,415,510.31.  This satisfies the amount in controversy requirement for statutory interpleader.

22.     Plaintiff informed and believes that Mrs. Gardner and Sasaki are citizens of Hawaii.

23.     Plaintiff informed and believes that the Estate and the Trust were established in the State of Hawaii.

24.     Plaintiff is informed and believes that Hillsdale is a citizen of Michigan.

25.     Plaintiff is informed and believes that Gregory Gardner is a citizen of Kansas.  Accordingly, sufficient diversity exists for statutory interpleader.

26.     Plaintiff is a business entity incorporated in the State of Texas.

27.     Venue is proper with this Court pursuant to 28 U.S.C. section 1397 because Mrs. Gardner and Sasaki reside in and/or have a situs in the City and County of Honolulu, State of Hawaii.

28.     Venue is proper with this Court pursuant to 28 U.S.C. section 1397 because the Estate and the Trust were established in the City and County of Honolulu, State of Hawaii.

<p align="center">COUNT I (INTERPLEADER) Against All Defendants</p>

**A. Purchase of Annuity and Designation of Beneficiaries**

29.     Plaintiff realleges paragraphs 1 through 27, inclusive, as if set forth fully herein.

30.     Decedent purchased the Annuity from USAA Life in 1980.  At the time of Decedent's death, the Annuity had a value of $1,415,510.31.

31.     When Decedent first applied for the Annuity, he designated Mrs. Gardner as the primary beneficiary of the Annuity, with Gregory Gardner and Gordon Gardner as contingent beneficiaries.

32.     Decedent requested that Plaintiff change the beneficiary designations several times between 1980 and 2016, including the following:

   a.  In 1992, the beneficiary of the Annuity was changed to the Gardner Family Trust dated November 2, 1989, with no contingent beneficiary.

   b.  As of February 2012, Mrs. Gardner was listed as the primary beneficiary of the Annuity, with Gregory Gardner listed as the contingent beneficiary.


    c. As of August 2015, Gregory Gardner was listed as the primary beneficiary of the Annuity, with no contingent beneficiary.

    d. As of May 2016 and as of Decedent's death in July 2016, Hillsdale, Sasaki, Gregory Gardner, and the Trust were listed as primary beneficiaries of the Annuity, with no contingent beneficiary.

**B. Conflict over the Proper Beneficiary(ies) of the Annuity**

33.    Plaintiff has and continues to maintain the Annuity.

34.    Plaintiff is informed and believes that Decedent died on or about July 3, 2016.

35.    At the time of Decedent's death, by endorsement dated July 16, 2016, the Annuity listed the following beneficiaries:

    a. "$1,000,000 taxable & nontaxable, no more not less, disbursed to the Lt. Colonel Gayle B. Gardner Endowed Scholarship, Hillside [sic] College";

    b. One-third of the remaining balance to Sasaki;

    c. One-third of the remaining balance to Gregory Gardner; and

    d. One-third of the remaining balance to the Trust.

36.     On or about July 26, 2016, Gregory Gardner advised Plaintiff that he did not believe that the beneficiary designations on the Annuity should have been changed and that Mrs. Gardner would be contesting the beneficiary designations.

37.     On or about July 27, 2016, through her attorney, Mrs. Gardner advised Plaintiff that she was contesting the beneficiary designations on the annuity.

38.     On or about August 5, 2016, Sasaki contacted Plaintiff to claim Sasaki's beneficiary share of the Annuity.

39.     Plaintiff believes that the beneficiary designations of Hillsdale and the Trust, as well as any interest of the Estate that may exist vis-à-vis the Annuity, have also been implicated due to the conflicting claims discussed above.

**C. Plaintiff's Involvement in the Instant Interpleader Action**

40.     In light of the foregoing, Plaintiff cannot determine the proper beneficiary or beneficiaries of the Annuity.

41.     Plaintiff claims no interest in the Annuity except any costs and reasonable attorneys' fees that this Court deems appropriate.

42.     Plaintiff is ready and willing to comply with any and all directives of this Court as to the identity of the proper beneficiary or beneficiaries of the Annuity.

43.     Plaintiff brings the instant Interpleader in good faith and to ensure that the Annuity is disbursed to the proper beneficiary or beneficiaries.

44.     Under statutory interpleader, whenever multiple claims are asserted or may be asserted by two or more claimants, and such claims may expose a party holding funds or property to multiple liability, a right of interpleader lies with the stakeholder.

45.     Absent a judicial declaration of rights of the Defendants to the proceeds from the Annuity, Plaintiff faces the potential for multiple obligations. Due to the conflicting demands and potential demands of Defendants, Plaintiff seeks guidance from this Court.

46.     At the time this Complaint is filed, or at a reasonable time thereafter, Plaintiff shall deposit all of the funds held within the Annuity, plus an amount of interest to be determined at filing, with the Clerk of this Court.

47.     Plaintiff has incurred costs and reasonable attorney's fees in connection with these proceedings and may incur additional fees and costs hereafter.

**WHEREFORE**, Plaintiff USAA LIFE INSURANCE COMPANY, as Stakeholder, prays for guidance from this Court and requests the following instructions, or, in the alternative, orders:

1.      That this Court advise Plaintiff and Defendants, and each of them, the identity of the proper beneficiary or beneficiaries of the Annuity and to give any and all instructions to Plaintiff regarding the proper beneficiary or beneficiaries;

2.      That Defendants, and each of them, be restrained from initiating any other actions against Plaintiff relating to the subject matter of this interpleader action;

3.      That Plaintiff be discharged from liability to each Defendant with respect to the subject matter of this interpleader action;

4.      That the beneficiaries be required to interplead and litigate between themselves their claims to the Annuity.

5.      That Plaintiff be awarded costs and reasonable attorney fees incurred in relation to this action; and

6.      For such other guidance and relief as this Court deems just and proper.

DATED:  Honolulu, Hawaii,_____ September 30, 2016_____.


_____ /s/ Gregory K. Markham_____
GREGORY K. MARKHAM
BRANDON Y. MORIKI
Attorneys for Plaintiff
**USAA LIFE INSURANCE COMPANY**