IMANAKA ASATO, LLLC

| STEVEN K. S. CHUNG | 1751 |
| MICHAEL L. IOSUA | 9851 |
| LI LI | 10606 |

745 Fort Street Mall, 17th Floor
Honolulu, Hawai`i 96813
Telephone No.:  (808) 521-9500
Facsimile No.:  (808) 541-9050

Attorneys for Defendant
HILLSDALE COLLEGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| USAA LIFE INSURANCE COMPANY, a Texas Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>ESTATE OF GAYLE B. GARDNER, et al.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. 16-00537 KJM<br><br>**DEFENDANT/CROSS-CLAIM DEFENDANT HILLSDALE COLLEGE'S ANSWER TO COMPLAINT IN INTERPLEADER, FILED SEPTEMBER 30, 2016; CROSS-CLAIM AGAINST DEFENDANTS ESTATE OF GAYLE B. GARDNER, DOROTHY GARDNER, WEN LEI SASAKI, GREGORY B. GARDNER, THE GAYLE B. GARDNER TRUST DATED DECEMBER 29, 2015; CERTIFICATE OF SERVICE**<br><br>Trial Date: Trial has not been set<br><br>Related Doc. No. 1 |

# DEFENDANT/CROSS-CLAIM DEFENDANT HILLSDALE COLLEGE'S ANSWER TO COMPLAINT IN INTERPLEADER, FILED SEPTEMBER 30, 2016

COMES NOW Defendant Hillsdale College ("College"), a 501(c)(3) non-profit educational institute, by and through its undersigned counsel, and responding to the Complaint In Interpleader ("Complaint") filed herein on September 30, 2016 by Plaintiff USAA Life Insurance Company ("USAA"), answers as follows:

1. College admits the allegations contained in Paragraphs 1, 2, 3, 4, 6.a-d., 7, 9, 10, 12, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 30, 33, 34, 35a.- 35d., and 41 of the Complaint.

2. In answer to Paragraphs 5, 8, 11, 14, 31, 32.a., 32.b., 32.c., 36, 37, 38, 40, 42, 43, 44, 45, 46 and 47 of the Complaint, College states that it is without knowledge or information sufficient to form a belief about the truth of the matters alleged therein.

3. In answer to Paragraph 13 of the Complaint, College admits that Gayle Gardner ("Decedent") obtained the annuity from USAA and that Decedent died in July of 2016 while a resident and citizen of Hawaii, but is without knowledge or information sufficient to form a belief about the truth of the remaining allegations therein.

4. In answer to Paragraph 29 of the Complaint, College repeats its answers to Paragraphs 1 through 28 of the Complaint.

5. In answer to Paragraph 32.d. of the Complaint, College admits being named as a primary beneficiary of the annuity and that Decedent died in July of

2016, but is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained therein.

6. In answer to Paragraph 39 of the Complaint, College admits that it is a beneficiary of the annuity, but is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained therein.

7. College denies each and every other allegation of the Complaint that is not specifically addressed above.

WHEREFORE, College requests that this Court order and adjudge College to be a proper beneficiary of the annuity and award College its portion of the annuity, prejudgment and post-judgment interest, costs of suit, reasonable attorney's fees, and such legal and equitable relief as is just and appropriate.

DATED: Honolulu, Hawaii, January 5, 2017.

/s/ Steven K. S. Chung
_____
STEVEN K. S. CHUNG
MICHAEL L. IOSUA
LI LI
Attorneys for Defendant
HILLSDALE COLLEGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| USAA LIFE INSURANCE COMPANY, a Texas Corporation, | ) ) ) | CIVIL NO. 16-00537 KJM |
|---|---|---|
| Plaintiffs, | ) ) ) ) | **CROSS-CLAIM AGAINST DEFENDANTS ESTATE OF GAYLE B. GARDNER, DOROTHY GARDNER, WEN LEI SASAKI, GREGORY B. GARDNER, AND THE GAYLE B. GARDNER TRUST DATED DECEMBER 29, 2015** |
| vs. | ) ) ) ) | |
| ESTATE OF GAYLE B. GARDNER, et al., | ) ) ) | |
| Defendants. | ) ) ) ) ) ) | Trial Date: Trial has not been set

Related Doc. No. 1 |

**CROSS-CLAIM AGAINST DEFENDANTS ESTATE OF GAYLE B. GARDNER, DOROTHY GARDNER, WEN LEI SASAKI, GREGORY B. GARDNER, AND THE GAYLE B. GARDNER TRUST <u>DATED DECEMBER 29, 2015</u>**

COMES NOW Defendant/Cross-Claim Defendant/Cross-Claimant Hillsdale College ("College"), by and through its undersigned counsel, and incorporating its Answer to the Complaint In Interpleader, filed herein on September 30, 2016 by Plaintiff USAA Life Insurance Company, and asserts the following Cross-Claim against Defendants Estate of Gayle B. Gardner, Dorothy Gardner, Wen Lei Sasaki, Gregory B. Gardner, and The Gayle B. Gardner Trust dated December 29, 2015.

## THE PARTIES

1. Defendant/Cross-Claim Defendant/Cross-Claimant Hillsdale College is and at all times relevant herein was a 501(c)(3) non-profit educational institute located in and a citizen of Hillsdale, Michigan.

2. Plaintiff USAA Life Insurance Company ("USAA") is and at all time relevant herein was a Texas Corporation.

3. Decedent Gayle Gardner ("Decedent") died in the month of July 2016.

4. College is informed and believes and based on that information and belief alleges that at the time of his death Decedent was a resident of the City and County of Honolulu, State of Hawaii.

**5.** College is informed and believes and based on that information and belief alleges that Defendant Estate of Gayle B. Gardner ("Estate") is or will be opened in a probate court in the City and County of Honolulu, State of Hawaii.

6. Defendant Dorothy Gardner ("Mrs. Gardner") is Decedent's surviving spouse and alleges in her Answer to the Complaint that she is a resident and citizen of Hawaii.

7. Defendant Wen Lei Sasaki ("Sasaki") alleges in her Answer to the Complaint that she is a resident and citizen of Hawaii.

8. College is informed and believes and based on that information and belief alleges that Defendant Gregory Gardner ("Gregory") is the son of Decedent and Mrs. Gardner who resides in and is a citizen of Kansas.

9. College is informed and believes and based on that information and belief alleges that The Gayle B. Gardner Trust dated December 29, 2015 ("Trust") is an irrevocable trust with a situs in the City and County of Honolulu, State of Hawaii, and the current trustee(s) of the trust are unknown.

10. This Cross-Claim relates to the flexible premium deferred annuity ("Annuity") that Decedent obtained from USAA and which is the subject of the Complaint in Interpleader ("Complaint") that USAA filed herein.

11. As alleged in the Complaint, Decedent intended at the time of his death for College to be a primary beneficiary of the Annuity, the value of which is alleged to have been worth $1,415,510.31 when Decedent died.

12. As alleged in the Complaint, Estate, Mrs. Gardner, Sasaki, Gregory and Trust may have an interest in the Annuity.

## JURISDICTION AND VENUE

13. This Cross-Claim in Interpleader arises as a result of a claim to the Annuity made by Mrs. Gardner, who was not named as a beneficiary at the time of Decedent's death.

14. College is informed and believes and based on that information and belief alleges that at the time of Decedent's death, the beneficiaries of the Annuity were College, Sasaki, Gregory and Trust.

15. College, Estate, Mrs. Gardner, Sasaki, Gregory and Trust have been named as defendants in the Complaint due to the potential conflicting claims to the Annuity that they have asserted or may assert.

16. The Court has jurisdiction over this Cross-claim pursuant to 28 U.S.C. § 1335 as the amount of the Annuity exceeds $500.00 and the adverse claimants to the Annuity are citizens of different states.

17. Venue is proper pursuant to 28 U.S.C. § 1397 as this Cross-Claim is brought in the City and County of Honolulu, State of Hawaii which is the judicial district where Mrs. Gardner and Sasaki reside, the Trust was established and probate for the Estate has been or will be opened.

# INTERPLEADER CLAIM AGAINST ALL OTHER DEFENDANTS

18. College is informed and believes and based on that information and belief alleges that at the time of Decedent's death the most recent endorsement or beneficiary designation identified College, Sasaki, Gregory and Trust as the beneficiaries of the annuity.

19. College is informed and believes and based on that information and belief alleges that Decedent intended for College to receive the first $1,000,000 from the annuity, with the balance to be distributed to Sasaki, Gregory and Trust in equal shares.

20. College seeks a declaratory judgment against all other defendants that:

   a. the most recent endorsement to the annuity naming College as a primary beneficiary is valid;

   b. the value of the annuity was $1,415,510.31 on the date Decedent died;

   c. College is to receive the first $1,000,000 from the annuity if the total value or funds available is reduced for any reason.

WHEREFORE, College prays for the following relief:

1. The Court declare that College is a designated primary beneficiary of the annuity and entitled to $1,000,000.

2. The Court determine that the rights of all other defendants in this matter are subject and subordinate to the rights and interests of College.

3. College be awarded its costs and reasonable attorney's fees.

//

//

//

4. College be awarded such further relief as is just and proper.

DATED: Honolulu, Hawaii, January 5, 2017.

/s/ Steven K. S. Chung
_____
STEVEN K. S. CHUNG
MICHAEL L. IOSUA
LI LI
Attorneys for Defendant
HILLSDALE COLLEGE